IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HERBERT DEAGUIAR, JR., | ) CIVIL NO. 12-00100 SOM-KSC |
|---|---|
| Plaintiff, | ) <br> ) FINDINGS AND <br> ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFF'S MOTION TO <br> ) REMAND ACTION TO THE |
| WHOLE FOODS MARKET, INC.; <br> JOHN DOES 1-10; JANE DOES <br> 1-10, | ) CIRCUIT COURT OF THE FIRST <br> ) CIRCUIT, STATE OF HAWAII; <br> ) ORDER DENYING MOTION TO <br> ) AMEND COMPLAINT |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF'S MOTION TO REMAND ACTION TO THE
CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII;
<u>ORDER DENYING MOTION TO AMEND COMPLAINT</u>

Before the Court is Plaintiff Herbert Deaguiar's ("Plaintiff") Motion to Amend Complaint and to Remand Action to the Circuit Court of the First Circuit, State of Hawaii ("Motion"), filed March 8, 2012. Defendant Whole Foods Market, Inc. ("Defendant") filed an Opposition on April 16, 2012. Plaintiff filed a Reply on April 23, 2012.

Following the filing of the Reply, the Court issued an Entering Order directing Plaintiff to clarify the relief sought. Doc. No. 18. On April 26, 2012, Plaintiff filed a Declaration representing that he was

challenging Defendant's removal of this action to federal court. Based on Plaintiff's Declaration, the Court ordered further briefing from the parties to address the propriety of removal. Defendant filed a Supplemental Brief and Second Supplemental Brief on April 27, 2012, and May 7, 2012, respectively. On May 18, 2012, Plaintiff filed a Supplemental Brief.

This matter came on for hearing on June 7, 2012. Clayton Ikei, Esq., appeared on behalf of Plaintiff and Jeffrey Harris, Esq., and Kevin McLaughlin, Esq., appeared on behalf of Defendant. After careful consideration of the Motion, the supporting and opposing memoranda, the arguments of counsel, and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the Motion to Remand be GRANTED for the reasons set forth below. The Court DENIES the Motion to Amend.

## BACKGROUND

This action arises from Plaintiff's termination. Plaintiff filed his Complaint on January 13, 2012, in the Circuit Court of the First Circuit,

State of Hawaii. Plaintiff alleges that Defendant discriminated against him based on his age, in violation of Hawaii Revised Statutes ("HRS") § 378-2(1)(A), and that Defendant's actions caused intentional infliction of emotional distress.

On February 17, 2012, Defendant filed a Notice of Removal ("Notice") in federal court.

DISCUSSION

Defendant removed the instant case pursuant to 28 U.S.C. §§ 1441 and 1332. Notice at 2. Section 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of

3

> the parties. Any other such action shall
> be removable only if none of the parties
> in interest properly joined and served as
> defendants is a citizen of the State in
> which such action is brought.

28 U.S.C. § 1441. Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998); Spencer v. United States Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed.").

A. Diversity of Citizenship

Defendant removed the case based on diversity jurisdiction because it is a Texas corporation with its principal place of business in Texas, Plaintiff is domiciled in Hawaii, and the amount in controversy exceeds $75,000. Notice at ¶¶ 3, 4 & 11. Plaintiff contends that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000. Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. See 28 U.S.C. § 1332(a)(1). A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought. See 28 U.S.C. § 1441(b). Currently at issue is whether the amount in controversy exceeds $75,000.

1. Citizenship

The parties do not dispute the complete

diversity of the parties and it appears, based on the Notice, that Plaintiff and Defendant are citizens of different states, and Defendant is not a citizen of the State of Hawaii.

    2.  <u>Amount in Controversy</u>

Plaintiff disputes Defendant's contention that the amount in controversy exceeds $75,000. To start, the Court considers "whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." <u>Lowdermilk v. U.S. Bank Nat'l Ass'n</u>, 479 F.3d 994, 998 (9th Cir. 2007) (quotations and citations omitted). When "it is not facially evident from the complaint that more than $75,000 is in controversy," a defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). In other words, a defendant must prove that it is "more likely than not" that the amount in controversy exceeds $75,000. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404

(9th Cir. 1996). This "burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (quoting McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).

By contrast, when a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with legal certainty that the amount in controversy exceeds the jurisdictional threshold. Lowdermilk, 479 F.3d at 998-99;[1] Guglielmino v. McKee Foods Corp., 506 F.3d 696, 698 (9th Cir. 2007). The Ninth Circuit endorses "the Fifth Circuit's practice of considering facts presented in the removal

---

[1] Although Lowdermilk v. U.S. Bank National Association involves the Class Action Fairness Act, its application is not limited to class actions. Roe v. Teletech Customer Care Mgmt, LLC, No. C07-5149 RBL, 2007 WL 1655172, *1, *3 n.1 (W.D. Wash. June 6, 2007); Sylvester v. Menu Foods, Inc., Civ. No. 07-00409 ACK-KSC, 2007 WL 4291024, at *4 (D. Haw. Dec. 5, 2007).

7

petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" Matheson, 319 F.3d at 1090; Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005). Conclusory allegations regarding the amount in controversy are insufficient. Matheson, 319 F.3d at 1090-91.

When assessing "the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." Korn, 536 F. Supp. 2d at 1205 (citing Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). It is the amount placed "in controversy" by a plaintiff's complaint that is the ultimate inquiry, not what a defendant will actually owe. Id. (citing Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

Here, the Complaint does not seek a specific amount of damages. Plaintiff requests 1) compensatory

damages in an amount to be determined at trial; 2) an amount of money equal to his wage loss and other employment benefits; 3) and attorneys' fees and costs. Notice, Ex. A. Therefore, Defendant must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Guglielmino, 506 F.3d at 701.

As an initial matter, the Court notes that both parties at times incorrectly cite Plaintiff's expected or potential recovery in calculating the amount in controversy, when the applicable standard is the amount that Plaintiff has placed in controversy at the time of removal. The Court will focus on whether Defendant has proved, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, not whether Plaintiff will ultimately recover in excess of $75,000.

Defendant estimates Plaintiff's past wage loss to be $56,000. Notice at ¶ 6. Plaintiff calculates his lost wages to be $54,280. He represents that because he has received $29,068 in unemployment

benefits, his actual lost wages are $25,212. Plaintiff submits, however, that even if his lost wages are not offset by the unemployment benefits he has received, the amount in controversy is less than $75,000.

In addition to its estimate with respect to Plaintiff's lost wages, Defendant asserts that Plaintiff could likely obtain more than $50,000 in emotional distress damages. Id. at ¶ 8. The Court declines to include this figure in calculating the amount in controversy, as Defendant is merely speculating about Plaintiff's potential recovery. The Court's present inquiry focuses on the amount in controversy, not Plaintiff's ultimate recovery. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties."). While case law demonstrates that juries have returned verdicts that include substantial emotional distress damages, predictions about Plaintiff's possible recovery based

on jury awards from other cases are simply irrelevant given the standard the Court must apply, which is to assess jurisdiction at the time the Notice was filed. The fact is that Plaintiff has not assigned a value to his emotional distress damages.

Finally, Defendant argues that attorneys' fees should be included in the amount in controversy because if Plaintiff prevails on his age discrimination claim, HRS § 378-5(c) authorizes attorneys' fees. "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." Guglielmino, 506 F.3d at 700; Lowdermilk, 479 F.3d at 1000 (quoting Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998)) (attorneys' fees may be included in the amount in controversy when an underlying statute authorizes an award of fees).

Insofar as Plaintiff prays for attorneys' fees in his Complaint and HRS § 378-5(c)[2] authorizes an award

---

[2] HRS § 378-5(c) provides: "In any action brought under this part, the court, in addition to any judgment

11

of attorneys' fees for a prevailing plaintiff, attorneys' fees must be included in the amount in controversy. Lowdermilk, 479 F.3d at 1000. Defendant estimates that Plaintiff has already incurred between $1,500 and $3,000 in attorneys' fees, and Plaintiff will incur at least $15,000 in additional fees if the matter is litigated through trial. However, Defendant's calculations regarding the fees incurred to date as well as those to be incurred if the case is litigated through trial are speculative and do not assist the Court in determining whether the amount in controversy is more likely than not to exceed $75,000 with the inclusion of fees. Nevertheless, even if the Court were to accept the $18,000 figure proposed by Defendant, the amount in controversy would be $74,000, which is less than the jurisdictional threshold,

---

awarded to the plaintiff or plaintiffs, shall allow costs of action, including costs of fees of any nature and reasonable attorney's fees, to be paid by the defendant." Haw. Rev. Stat. § 378-5(c).

because Plaintiff's lost wages are at most $56,000.[3] For these reasons, the Court finds that Defendants have not proved, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Resolving any doubts about the propriety of removal in favor of remanding the case to state court, and finding that jurisdiction is lacking, the Court recommends that the district court remand the case to the First Circuit Court.

In view of the Court's recommendation to remand the action, Plaintiff's request to amend the Complaint is denied.

## CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion to Remand Action to the Circuit Court of the First Circuit, State of Hawaii, filed March 8, 2012, be GRANTED, and that the

---

[3] The Court need not reach the issue of whether the lost wages should be offset by the unemployment benefits in calculating the amount in controversy because even relying on this calculation, as opposed to the $54,280 figure provided by Plaintiff, results in an amount in controversy less than $75,000.

action be remanded to the Circuit Court of the First Circuit, State of Hawaii.  The Court DENIES Plaintiff's Motion to Amend Complaint.

IT IS SO FOUND AND RECOMMENDED AND SO ORDERED.

DATED:   Honolulu, Hawaii, June 7, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 12-00100 SOM-KSC; Deaquiar v. Whole Foods Market, Inc.; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII; ORDER DENYING MOTION TO AMEND COMPLAINT