IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERBERT DEAGUIAR, Jr., | ) | CIVIL NO. 12-00100 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING IN PART AND |
| | ) | MODIFYING IN PART THE |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO GRANT PLAINTIFF'S MOTION |
| WHOLE FOODS MARKET, INC., | ) | TO REMAND ACTION TO THE |
| | ) | CIRCUIT COURT OF THE FIRST |
| Defendant. | ) | CIRCUIT, STATE OF HAWAII; |
| _____ | ) | ORDER DENYING  WITHOUT |
| | | PREJUDICE PLAINTIFF'S MOTION |
| | | TO AMEND COMPLAINT |

**ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII; ORDER DENYING  WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.      INTRODUCTION.**

Plaintiff Herbert DeAguiar, Jr., filed a wrongful termination action against his former employer, Defendant Whole Foods Market, Inc., in the Circuit Court of the First Circuit, State of Hawaii.  See Civ. No. 12-1-0106-01 VLC, ECF No. 1-2. DeAguiar asserts claims of unlawful age-discrimination in violation of section 378-2(1)(A) of Hawaii Revised Statutes and intentional infliction of emotional distress.  He also seeks attorney's fees.  See id.

Whole Foods removed the action to federal court under 28 U.S.C. §§ 1332(a)(1) and 1441(b).  See ECF No. 1.

On March 8, 2012, DeAguiar moved to amend his complaint to substitute the allegedly correct defendant and to remand the case to state court because the correct defendant would destroy

diversity of citizenship.  The motion did not challenge the amount in controversy.  See ECF No. 9.

After extensive briefing, the Magistrate Judge issued his Findings & Recommendation ("F&R"), recommending that this court grant DeAguiar's motion for remand to state court.  See ECF No. 35.  The Magistrate Judge reasoned that the amount in controversy did not exceed $75,000, as required for diversity jurisdiction by 28 U.S.C. § 1332(a).  Id.  Because the Magistrate Judge concluded that this court lacks subject matter jurisdiction, he did not adjudicate DeAguiar's request that DeAguiar be allowed to amend the Complaint and that the action be remanded based on the substitution of a new defendant.  Id.

Pursuant to Local Rules 7.2(d) and 74.2, the court decides this matter without a hearing.  This court adopts the F&R's removal standard and the finding that DeAguiar and Whole Foods are citizens of different states.  However, this court modifies the F&R and determines that Whole Foods has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, this court rejects the recommendation in the F&R that this action be remanded for failure to establish the required amount in controversy.  The court denies the motion to amend and to remand, but this denial

is without prejudice to DeAguiar's raising of issues set out in his original motion if he seeks rulings on those issues.[1]

## II.        FACTUAL BACKGROUND.

DeAguiar is a resident of the City and County of Honolulu, State of Hawaii. See Complaint ¶ 2, ECF No. 1-2. DeAguiar alleges that Whole Foods is a foreign for-profit corporation doing business in the State of Hawaii. Id. ¶ 3. Whole Foods says it is a corporation incorporated under Texas law and has its principal place of business in Texas. See Notice of Removal ¶ 4, ECF No. 1.

In August 2008, Whole Foods hired DeAguiar as its Bakery Team Leader. See Complaint ¶ 12. In June 2010, Whole Foods demoted DeAguiar to Assistant Bakery Team Leader. Id. ¶ 13. On December 13, 2010, Whole Foods terminated DeAguiar. Id. ¶ 17.

DeAguiar filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on March

---

[1] DeAguiar has tried to preserve the option to claim more than $75,000 while also arguing that this court should remand this case for lack of subject matter jurisdiction. It is unclear whether, in light of the present order, DeAguiar continues to seek to amend his Complaint or to have this matter remanded. For that reason, this court, while conscious that the merits of DeAguiar's original motion were never addressed, does not now direct the Magistrate Judge to address those merits. DeAguiar is free to revive his original motion if he so chooses, but it does not make sense to this court to assume he so chooses and to therefore refer the original motion back to the Magistrate Judge.

14, 2011, and, on November 5, 2011, received a Notice of Right to Sue from the EEOC. Id. ¶¶ 22-23.

On January 13, 2012, DeAguiar filed his Complaint in the Circuit Court of the First Circuit, State of Hawaii, in Civ. No. 12-1-0106-01 VLC. See Complaint, ECF No. 1-2. DeAguiar asserts that Whole Foods discriminated against him based on his age, in violation of section 378-2(1)(A) of Hawaii Revised Statutes, and that Whole Foods intentionally inflicted emotional distress on him by demoting and terminating him. Id. ¶¶ 20-21. The Complaint seeks damages for lost wages, benefits, and emotional distress, as well as attorney's fees. Id. at 7. DeAguiar did not specify the amount of damages sought. See id.

On February 17, 2012, Whole Foods removed the action under 28 U.S.C. §§ 1332(a)(1) and 1441(b). See Notice of Removal, ECF No. 1. Whole Foods claimed that DeAguiar's damages exceeded $75,000, thereby satisfying the amount in controversy requirement for diversity jurisdiction. Whole Foods estimated that DeAguiar would receive $56,000 for lost wages, $50,000 for emotional distress damages, and $18,000 for attorney's fees. Id. ¶¶ 7-10.

On March 8, 2012, DeAguiar moved to amend his Complaint and remand this case to state court. The motion sought to delete Whole Foods as a defendant and replace it with WFM Hawaii, LLC, a limited liability company registered in the State of Hawaii. See

4

ECF No. 9.  In a supplemental brief addressing the amount in controversy, DeAguiar, claiming that his damages did not exceed $75,000, estimated his lost wages at $54,280, offset by $29,068 in unemployment benefits.  See ECF No. 28, at 9.  DeAguiar provided no dollar estimate of his emotional distress damages or his attorney's fees.  See id.

On June 7, 2012, the Magistrate Judge issued his F&R, finding and recommending that this case be remanded because the amount in controversy did not exceed $75,000.  See ECF No. 35. In determining that the amount in controversy did not exceed $75,000, the Magistrate Judge declined to include any dollar amount for emotional distress damages, saying that any figure would be speculative.  The F&R explained, "The fact is that Plaintiff has not assigned a value to his emotional distress damages."  F&R at 11.  The Magistrate Judge found that DeAguiar's Complaint was only seeking $74,000 in damages, consisting of, at most, $56,000 for lost wages and $18,000 for attorney's fees. See id. at 12.  In light of the F&R's recommendation to remand, the Magistrate Judge denied DeAguiar's request to amend his complaint.

On June 15, 2012, Whole Foods filed Objections to the F&R, arguing that the Magistrate Judge improperly failed to include emotional distress damages when determining the amount in controversy.  See ECF. No. 36.

5

On October 4, 2012, this court held a telephone conference with the parties to discuss whether DeAguiar was able to clarify that he was seeking more than $75,000 in damages.  See ECF No. 47.  DeAguiar ultimately informed the court that he is not limiting his damages to $75,000 or less.  DeAguiar thus appears to be seeking in excess of $75,000.

### II.     STANDARD FOR OBJECTIONS TO FINDINGS AND RECOMMENDATIONS.

This court reviews de novo those portions of an F&R to which objection is made and may accept, reject, or modify, in whole or in part, the F&R made by the Magistrate Judge.  In examining the objections to an F&R, the court may receive further evidence or recommit it to the Magistrate Judge with instructions.  The court may accept those portions of the Magistrate Judge's F&R that are not objected to if it is satisfied that there is no clear error on the face of the record. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 74.2; Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market Ltd., 2004 WL 2806517, *1 (D. Haw. Sept. 15, 2004); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003), aff'd, 389 F.3d 880 (9th Cir. 2004); Abordo v. State of Hawaii, 902 F. Supp. 1220 (D. Haw. 1995); see also Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974).

**III.    ANALYSIS.**

Whole Foods removed this action pursuant to 28 U.S.C. §§ 1441 and 1332(a)(1). Section 1441 provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

Section 1332(a)(1) provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

When a case is removed to federal court, there is a strong presumption against federal court jurisdiction. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006); Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (citing

7

Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).  A defendant who has removed a case bears the burden of proving the propriety of removal, including jurisdiction.  See Gaus, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").  "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998); Spencer v. United States Dist. Court for the N. Dist. of Cal., 393 F.3d 867, 871 (9th Cir. 2004) ("Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed.").

This court adopts the F&R's finding that DeAguiar and Whole Foods are citizens of different states and that Whole Foods, not being a Hawaii citizen, was not barred by its citizenship from removing this action.  See 28 U.S.C. § 1441(b)(2).  This court also adopts the F&R's removal standard set forth on page 4 of the F&R, as well as the law concerning the determination of the amount in controversy, set forth on pages 6 to 8 of the F&R.  Accordingly, because the Complaint does not demand a dollar amount, Whole Foods must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005). Whole Foods does so.

The amount in controversy includes the amount of damages in dispute, as well as attorney's fees when authorized by statute or contract. Id. When a complaint does not demand a dollar amount, courts may consider facts in the removal petition and may require the parties to submit evidence similar to that submitted on a motion for summary judgment. Id. This evidence may include interrogatory answers and emotional distress damage awards in similar cases. Id.

DeAguiar estimates his lost wages at $54,280, while Whole Foods says lost wages total $56,000. While DeAguiar concedes that he received $29,068 in unemployment benefits, he does not unequivocally say that he is therefore seeking from Whole Foods lost wages totaling only the difference between $56,000 (at most) and $29,068. To the contrary, it appears he is seeking $56,000 (at most) with the possibility of using $29,068 of that to satisfy any lien that the unemployment insurer might have on his recovery. When the estimated attorney's fees of $18,000 are added to lost wages of $56,000, the total rises to $74,000. This court turns then to the emotional distress claim.

In Kroske, the plaintiff filed an action in state court against her former employer, U.S. Bank, asserting that U.S. Bank had terminated her on the basis of her age in violation of a

9

state law prohibiting age discrimination.  Id. at 979.  Kroske sought, among other things, lost wages and benefits, and emotional distress damages, but did not specify any amount of damages.  Id.  U.S. Bank removed the case to federal court, and the federal court awarded summary judgment to U.S. Bank on Kroske's claims.  Id.  Kroske appealed, arguing that U.S. Bank had not meet its burden of establishing that the amount of controversy exceeded $75,000.  Id.  The Ninth Circuit affirmed the district court's determination that, based on a preponderance of the evidence, Kroske's "emotional distress damages would add at least an additional $25,000 to her claim."  Id. at 980.

Even a modest award for emotional distress damages would easily increase the amount in controversy in the present case to over $75,000, given the alleged lost wages and attorney's fees authorized by statute.  In his supplemental brief on damages, DeAguiar cited his interrogatory answers, which stated that Whole Foods' alleged actions have made him "afraid to make decisions," and to "fear women in higher authority."  ECF No. 28 at 8.  He says he "could not sleep well or through the night" for about nine months after he was fired.  Id.  While the Magistrate Judge is correct in noting that no dollar figure is provided by DeAguiar for emotional distress damages, it is not the case that the court should therefore assign no value to the emotional distress claim.  The description that DeAguiar provides of his

alleged distress provides a basis on which this court can conclude that DeAguiar is claiming more than $1,000 in emotional distress damages.  Accordingly, the court denies the motion to remand to the extent it is based on the argument that the amount in controversy does not meet the jurisdictional amount.

**IV.      CONCLUSION.**

The court ADOPTS in part and MODIFIES in part the Findings and Recommendation to Grant Plaintiff's Motion to Remand Action to the Circuit Court of the First Circuit, State of Hawaii.  To the extent DeAguiar seeks to remand this action based on the jurisdictional amount in controversy, his motion is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2012.



　　　　　　　　　　　　　　　 /s/ Susan Oki Mollway
　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　Chief United States District Judge

DeAguiar v. Whole Foods Market, Inc.; Civil No. 12-00100 SOM/KSC; ORDER ADOPTING IN PART AND MODIFYING IN PART THE FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND ACTION TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII; ORDER DENYING  WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT