```
           IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF HAWAII

HERBERT DEAGUIAR, JR.,      )    Civ. No. 12-00100 SOM/KSC
                            )
      Plaintiff,            )
                            )    ORDER GRANTING DEFENDANT'S
      vs.                   )    MOTION FOR SUMMARY JUDGMENT
                            )
MRS. GOOCH'S NATURAL        )
FOOD MARKET, INC., dba      )
WHOLE FOODS MARKET,         )
INC.,                       )
                            )
      Defendant.            )
_____)
```

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This action, removed based on diversity of citizenship, alleges age discrimination claim and intentional infliction of emotional distress ("IIED") solely under Hawaii law. Plaintiff Herbert DeAguiar was 50 years old when he was fired by Defendant Mrs. Gooch's Natural Foods Market, Inc., dba Whole Foods Market ("Whole Foods"). Before the court is Whole Foods' motion for summary judgment (the "Motion"). The court grants the Motion.

**I.      BACKGROUND.**

DeAguiar was hired by Whole Foods as the Bakery Team Leader on July 21, 2008. DeAguiar Decl. ¶¶ 2,9. On May 21, 2010, Whole Foods issued DeAguiar a "Corrective Counseling Notice" that stated that his performance was "unsatisfactory in a number of areas and has contributed to the inconsistent financial performance and overall execution of the team." 5/21/10 Corrective Counseling Notice, ECF No. 73-2. At around this

time,[1] DeAguiar was allegedly called into the Whole Foods management office to talk with Store Team Leader Robin Burton and Assistant Store Team Leader Vishan Dookhu.  DeAguiar Decl. ¶ 12.  According to DeAguiar, Burton and Dookhu "suggested that [DeAguiar] step down from Bakery Team Leader to Assistant Bakery Team Leader so they could bring in someone with more experience to train [him] in the Whole Foods way of running the bakery."  Id.  On May 24, 2010, DeAguiar told Burton and Dookhu that he was stepping down.  5/24/10 DeAguiar Email, ECF No. 51-14.

Whole Foods hired Kara Jones, who was approximately 25 years old, as its new Bakery Team Leader.  Id. ¶¶ 13-15.  On her first day of work, Jones allegedly told DeAguiar that he had "sounded younger on the phone."  Id. ¶ 15.  DeAguiar also asserts that Jones failed to train him and instead trained an employee under the age of 35.  Id. ¶ 16.  DeAguiar says this made him feel "cheated" because he "had stepped down with the expectation that [he] would receive training on how to be a better Bakery Team Leader."  Id. ¶ 17.  DeAguiar says that, despite his repeated requests, Jones never offered him satisfactory training.  Id. ¶¶ 18-20.

---

[1] DeAguiar says this meeting occurred in June 2010.  See DeAguiar Decl. ¶ 12.  However, on May 24, 2010, he sent an email to Whole Foods referring to this conversation and indicating that it took place "last week."  5/24/10 DeAguiar Email to Whole Foods, ECF No. 51-14.

On September 20, 2010, Jones issued DeAguiar a second "Corrective Counseling Notice." 9/20/10 Corrective Counseling Notice, ECF No. 73-3. According to this second Corrective Counseling Notice, DeAguiar failed to date bread he pulled from the freezer, failed to restock two kinds of bread, and failed to properly rotate brownies and cookies. Id.

DeAguiar received a third Corrective Counseling Notice on October 5, 2010. 10/05/10 Corrective Counseling Notice, ECF No. 73-4. This Corrective Counseling Notice complained that DeAguiar's work performance was unsatisfactory because he "consistently show[ed] a lack of attention to detail when preforming [sic] tasks in the department." Id. In particular, DeAguiar was written up for having left a rack of burnt granola by the ovens overnight, omitting over 12 cases of cookies from the Bakery Department inventory, and incorrectly donating a delivery of bread upon receipt. Id.

Jones pointed out to Lindsay Mucha, the Store Team Leader, what Jones viewed as DeAguiar's numerous performance problems, such as unrecorded "spoilage" totaling $900; failure to pull invoices on bakery goods; and a statement to Jones that Whole Foods was out of holiday chocolate when, in fact, there was an entire pallet of chocolate in the back. Kara Jones Email, 12/13/10, ECF No. 73-6. Jones asked Mucha whether Whole Foods was "good to move forward with separating Herb," and Mucha

informed Jones that termination would occur.  Id.  There is no dispute that the person who decided to terminate DeAguiar was Mucha.  Pl.'s Concise Statement of Facts ¶ 20, ECF No. 73; Def.'s Concise Statement of Facts ¶ 20, ECF No. 51.  See also Local Rule 56.1.

DeAguiar complains that he was unfairly disciplined and fired for things that he had not done.  See DeAguiar Decl. ¶¶ 25-37.  DeAguiar also says: "Whole Foods Market discriminated against me because of my age, and I noticed that their general hiring practices reflected that they did not like older employees."  Id. ¶ 42.  DeAguiar explains:

> While I could not directly hire new team members, I would interview prospective employees and refer them to store management. When I would send qualified older people to the Store Team Leader to be interviewed, they were often rejected, in favor of younger college students.  I eventually stopped referring older persons to management because I knew that they wouldn't be selected.

Id.  DeAguiar asserts that "most of the older Team Leaders who were hired for the grand opening of the store" were subsequently fired.  Id. ¶ 43.  DeAguiar also complains that Jones was treated more favorably.  DeAguiar says that he saw Jones make mistakes for which she was "never reprimanded."  Id. ¶ 38.  DeAguiar also notes that Jones was demoted after he was terminated, which he says "shows that she was not a competent Bakery Team Leader."  Id. ¶ 48.

4

On April 1, 2011, the Hawaii Civil Rights Commission received DeAguiar's charge of discrimination against Whole Foods (dated by DeAguiar as signed on March 27, 2011). EEOC Charge of Discrimination, ECF No. 51-18. DeAguiar filed a lawsuit in Hawaii state court on January 13, 2012. ECF No. 1-2. Whole Foods removed the action to this court on February 17, 2012.[2] ECF No. 1. This court has diversity jurisdiction over this action. See Order Denying Plaintiff's Motion to Remand, ECF No. 49.

DeAguiar's Complaint asserts two grounds for relief: age discrimination in violation of Hawaii Revised Statutes 378-2(1)(A), and intentional infliction of emotional distress ("IIED").

**II.      STANDARD.**

Summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Accordingly, "[o]nly admissible

---

[2] Whole Foods' removal was timely because Whole Foods did not receive notice of DeAguiar's lawsuit until January 19, 2012. See 28 U.S.C. § 1446(b); Notice of Removal at 1, ECF No. 1.

evidence may be considered in deciding a motion for summary judgment." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See Celotex, 477 U.S. at 323. A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987. "A fact is material if it could affect the outcome of the suit under the governing substantive law." Miller, 454 F.3d at 987.

"A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003). Accord Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to

be drawn in that party's favor." Miller, 454 F.3d at 988 (quotation marks and brackets omitted).

**II.    ANALYSIS.**

  **A.   DeAguiar Does Not Establish That There are Questions of Fact Concerning Age Discrimination.**

DeAguiar alleges that Whole Foods engaged in "discriminatory treatment of older persons in favor of younger and inexperienced persons, which led to the instant termination of Plaintiff from his employment." Compl. ¶ 20. At the hearing on this Motion, DeAguiar's counsel asserted that he was asserting two theories of age discrimination: (1) pattern-or-practice discrimination and (2) disparate treatment.

"Under the pattern-or-practice paradigm, a plaintiff must prove, by circumstantial or direct evidence, that an employer's past actions evidence a pattern of illegal discrimination against a protected class." Shoppe v. Gucci America, Inc., 94 Haw. 368, 377 n.2, 14 P.3d 1049, 1058 n.2 (2008). A plaintiff has the initial burden of demonstrating that "unlawful discrimination has been the regular policy of the employer, *i.e.*, that discrimination was the company's standard operating procedure — the regular rather than the unusual practice." French v. Hawaii Pizza Hut, Inc., 105 Haw. 462, 474, 99 P.3d 1046, 1058 (2004) (internal quotation marks and citation omitted). "The focus of this inquiry is on a pattern of

discriminatory decision making, not on individual employment decisions." Id.

Under an individualized disparate treatment theory of discrimination, however, a plaintiff must prove "intentional discrimination against an individual who belongs to a protected class." Shoppe, 94 Haw. at 378, 14 P.3d at 1059.

At the hearing, DeAguiar urged the court to undertake a "mixed motive" analysis in reviewing his age discrimination claims. Under a "mixed motive" approach, "the plaintiff must show by direct evidence that discriminatory factors motivated the adverse employment decision." Id. But see Harris v. City of Santa Monica, 2013 WL 452959, at *25 (Cal. Feb. 7, 2013) (holding that even if discrimination plays a role in an employee's termination, the employer will not be liable if the employee would have been terminated for poor performance). There is no direct evidence of age discrimination in the record. DeAguiar alleges that Jones told him when they first met that he had sounded younger on the phone, but this is only a "stray remark" that "is at best weak circumstantial evidence of discriminatory animus." Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir. 1993). Moreover, Jones was not the person authorized to fire DeAguiar. The court therefore examines the circumstantial evidence DeAguiar offers in support of both his pattern-or-practice claim and his disparate impact theory.

When a plaintiff attempts to prove either theory of age discrimination with circumstantial evidence, Hawaii courts have adopted the burden-shifting analysis set forth by the United States Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).  <u>See</u> <u>Schefke v. Reliable Collection Agency, Ltd.</u>, 96 Haw. 408, 425, P.3d 52, 60 (2001).  The <u>McDonnell Douglas</u> analysis involves three steps:

> First, the plaintiff must establish a prima facie case of discrimination by demonstrating, by a preponderance of the evidence, the following four elements: (1) that plaintiff is a member of a protected class; (2) that plaintiff is qualified for the position for which plaintiff has applied or from which plaintiff has been discharged; (3) that plaintiff has suffered some adverse employment action, such as a discharge; and (4) that the position still exists . . . .  Once the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action . . . . .  The employer's explanation must be in the form of admissible evidence and must clearly set forth reasons that, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the challenged employment action . . . .  Although the burden of production is shifted to the employer, "the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the plaintiff remains at all times with the plaintiff." . . .
>
> Finally, if the employer rebuts the prima facie case, the burden reverts to the plaintiff to demonstrate that the defendant's proffered reasons were pretextual.


Shoppe, 94 Haw. at 378-79, 14 P.3d at 1059-60 (citations omitted).

With respect to his pattern-or-practice claim, DeAguiar says that Whole Foods' "general hiring practices reflected that they did not like older employees." DeAguiar Decl. ¶ 42. In support of this assertion, DeAguiar says that "qualified older people . . . were often rejected, in favor of younger college students." Id. DeAguiar also says that "most of the older Team Leaders who were hired for the grand opening of the store are no longer employed with Whole Foods Market." Id. ¶ 43. DeAguiar offers the following examples: "Larry Hoover and Ray Stockton, both original Store Team Leaders for Whole Foods, and both over the age of 50, were terminated from Whole Foods. Carl Matsuda, the Seafood Team Leader, who was over 50 years old, was terminated from Whole Foods over a simple mistake." Id.

These allegations do not amount to a prima facie case of discrimination. DeAguiar nowhere alleges that Hoover, Stockton, and Masuda were qualified for the positions they held when they were discharged; nor does DeAguiar allege that their positions still exist. Thus, DeAguiar fails to even allege a prima facie case with regard to his pattern-or-practice claim.[3]

---

[3] To the extent DeAguiar is relying on Whole Foods' alleged pattern or practice of discriminating against older employees as evidence of disparate treatment, this reliance is misplaced. A list of names and ages of several employees who were terminated, with no context or detail, does not establish a pattern or

With regard to his disparate treatment claim, DeAguiar says that he establishes a prima facie case of age discrimination because: "(1) he is over 40 years old; (2) he was qualified to perform the duties of a bakery manager; (3) his employment was terminated; and (4) a younger person replaced him." Opp'n at 25. There is no dispute that DeAguiar is a member of a protected class and that he was terminated. Whole Foods challenges DeAguiar's assertions that he was qualified, Mot. at 8-9, but on a summary judgment motion, all inferences must be drawn in favor of the nonmoving party. Whole Foods is silent as to the fourth factor. Although DeAguiar asserts that he was replaced by a younger person, there is no evidence in the record as to whether DeAguiar was replaced at all.[4] For this reason, the court questions whether DeAguiar has satisfied his initial burden of establishing a prima facie case.

---

practice of age discrimination. Nor is it clear who the decisionmakers were or whether they were aware of each other's actions. Because DeAguiar does not meet his burden of establishing pretext, Whole Foods is entitled to summary judgment on DeAguiar's age discrimination claim.

[4] Under Hawaii law, there is a 180-day statute of limitations that bars any claim based on DeAguiar's decision to step down from Bakery Team Leader. See Haw. Rev. Stat. § 368-11. Because DeAguiar filed his charge of discrimination against Whole Foods on April 1, 2011, 312 days after he stepped down, his demotion cannot serve as an adverse employment action for the purposes of this lawsuit. Therefore, although DeAguiar does identify Jones (a woman in her 20s) as his replacement as Bakery Team Leader, the relevant inquiry goes to who replaced DeAguiar when he was terminated as Assistant Bakery Team Leader.

Even assuming DeAguiar has made out a prima facie case of disparate treatment age discrimination, Whole Foods identifies ten different performance problems leading to DeAguiar's termination.  Mot. at 9.  These are legitimate, nondiscriminatory reasons for terminating DeAguiar.  See Shoppe, 94 Haw. at 382, 14 P.3d at 1062 (holding that an employee's failure to perform at work in a "satisfactory manner" is a legitimate, nondiscriminatory reason to take adverse employment action).  The burden therefore shifts to DeAguiar to demonstrate pretext.  DeAguiar does not do this.

To establish pretext, DeAguiar must demonstrate that Whole Foods' articulated reasons for terminating him were dishonest.  Thu Hong Tanaka v. Dep't of Accounting & Gen. Servs., 2011 WL 1598718, at *8 (D. Haw. Apr. 27, 2011) ("[C]ourts 'only require that an employer honestly believed its reasons for its actions, even if its reason is foolish or trivial or even baseless.'")(citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002)).  Although DeAguiar complains that he was not actually to blame for the incidents that gave rise to his termination, he did not tell Whole Foods at the time he was disciplined that he believed he had been wrongly accused.  DeAguiar acknowledges that he was "given an opportunity to say anything" but says he decided not to speak up because he "already knew from the first writeup that [he] was on [his] way out."

DeAguiar Dep. at 55, ECF No. 51-12.  Because there is no evidence that Mucha had any reason to think that DeAguiar was being blamed for failings by others, DeAguiar's protestations in that regard have no bearing on the pretext issue.  Even if DeAguiar was wrongly accused, that does not show that Mucha's decision to fire him was a pretext for age discrimination by her.

Nor are Jones's own alleged deficiencies as a Bakery Team Leader sufficient to establish pretext.  Any such deficiencies known to Whole Foods may well be evidence of bad management by Whole Foods in having allowed an allegedly poor supervisor to evaluate DeAguiar, but, without more, it is not enough to establish that there is a triable issue as to whether Whole Foods was seeking to conceal age discrimination.  Nothing in the record suggests that Whole Foods had any reason to think that Jones was wrongly attributing any act or omission by someone else to DeAguiar.  Jones's allegedly poor supervision skills do not, on the present record, equate to either mistaken or deliberately false accusations against a subordinate.  And although Jones was indisputably younger than DeAguiar, that alone says nothing about Whole Foods' motive.

    **B.**    **DeAguiar Does Not Establish That There are Questions of Fact Concerning His IIED Claim.**

DeAguiar claims that Whole Foods' actions "constituted the intentional infliction of emotional distress."  Compl. ¶ 21.  Under Hawaii law, a plaintiff asserting an IIED claim must

establish that the conduct causing the harm was intentional or reckless; that the conduct was outrageous; and that the conduct caused extreme emotional distress. Young v. Allstate Ins. Co., 119 Haw. 403, 198 P.3d 666 (Haw. 2008). Conduct is "outrageous" if "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Id. Because none of the facts that DeAguiar cites rises to the level of outrageousness, Whole Foods is entitled to summary judgment on DeAguiar's IIED claim.

## IV.     CONCLUSION.

For the foregoing reasons, the court grants Whole Foods' Motion. The Clerk of Court is directed to enter judgment in favor of Whole Foods and to close this file.

IT IS SO ORDERED.

DATED: Honolulu, February 12, 2013.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

Herbert DeAguiar, Jr. v. MRS. GOOCH'S NATURAL FOODS MARKET, INC. dba WHOLE FOODS MARKET, Civ No. 12-00100 SOM/KSC; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT